UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CHARLOTTE COLEMAN, )<br>)<br>　　　　　　Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>BRONSON METHODIST HOSPITAL, )<br>et al., )<br>　　　　　　Defendants. )<br>_____) | Case No. 4:05-cv-141<br><br>Honorable Robert Holmes Bell<br><br><br>**MEMORANDUM OPINION** |

　　　　Plaintiff brings suit under Title VII of the Civil Rights Act of 1964 for employment discrimination against her former employer, Bronson Hospital, and the hospital's CEO, Frank Sardone.  Plaintiff's *pro se* complaint was based upon two administrative charges filed with the EEOC, challenging the hospital's decision to suspend plaintiff for two weeks with pay in October of 2004, its decision to impose disciplinary probation in March 2005, and its subsequent decision to terminate her employment in September 2005.  Plaintiff asserts that the suspension was based on racial discrimination and that the disciplinary probation and termination were acts of retaliation.  This court's review of the *pro se* complaint does not reveal the existence of any pendent claims arising under state law.

　　　　After the close of discovery, defendants moved for summary judgment on plaintiff's claims under Title VII.  Pursuant to an order of reference, Magistrate Judge Joseph G. Scoville issued a report and recommendation on November 2, 2006 (docket # 38), concluding as follows: (1) Frank

Sardone is not a proper defendant in a Title VII action and should be dismissed; (2) the claim of race discrimination arising from the events leading up to plaintiff's suspension in 2004 was barred by the 90-day statute of limitations, 42 U.S.C. § 2000e-5(f)(1); and (3) plaintiff had failed to present a jury-submissible case of retaliation.  Plaintiff has filed timely objections (docket # 39), which this court must accord *de novo* review.  FED. R. CIV. P. 72(b).  After *de novo* review of plaintiff's objections and the record, the court finds that plaintiff has not established a meritorious Title VII claim against her former employer.  Defendants' motion for summary judgment will therefore be granted.

**1.**

A party contesting the recommendations of a magistrate judge has the duty to file specific objections; vague, general, or conclusory objections do not meet this requirement.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  In the present case, plaintiff has not specifically objected to any of the magistrate judge's factual findings, set forth in 27 separately numbered paragraphs in the report and recommendation, nor has plaintiff taken issue with a single legal conclusion reached by the magistrate judge.  Rather, plaintiff merely reiterates her version of the events leading up to her suspension and termination from employment.  This method of objecting is unhelpful to a *de novo* review.

Beyond this general deficiency, the court notes that plaintiff, after setting forth her version of events, admits that she cannot prove her claims of discrimination or retaliation under Title VII and affirmatively requests that the court dismiss them: "The plaintiff is requesting that only the claims of discrimination and retaliation be dismissed." (Objections, docket # 39, at 7; *see also id.*

at 10 ( "The plaintiff objects to the recommendations to dismiss all claims against the defendants and is requesting that only the claims of discrimination and retaliation against the defendants be dismissed.")).  It appears to the court that plaintiff now realizes that her federal claims lack merit. Specifically, plaintiff has not addressed the magistrate judge's conclusion that Sardone is not a proper defendant in a Title VII case nor the conclusion that all claims leading up to the 2004 suspension are time-barred.  Moreover, plaintiff does not advance any evidence tending to show that her disciplinary probation or the termination of her employment was pretextual.

In summary, the court's *de novo* review of plaintiff's objections leads to the conclusion that defendants are entitled to summary judgment on plaintiff's Title VII claims.

**2.**

In her objections, plaintiff asks that the court not dismiss her state-law claims for slander and wrongful termination. (docket # 39 at 10).  The answer to this request is twofold.  First, as noted above, the court's examination of plaintiff's complaint discloses no claim for slander or any other state-law cause of action.  Therefore, as far as this court is concerned, no such claim exists in this case.  Second, the usual course for the federal district courts is to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment.  *See Brandenburg v. Housing Auth. of Ervine*, 253 F.3d 891, 900 (6th Cir. 2001).  Consequently, even if plaintiff had properly pleaded state-law claims for slander and wrongful termination, the court would dismiss those claims without prejudice as a result of the dismissal of the federal Title VII action.  This court

will therefore dismiss the Title VII claims, without prejudice to plaintiff's ability to maintain her state-law claims in the Michigan courts.


Date:   November 21, 2006          /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE